# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| WANDA W. SAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:19-cv-00631-JCH |
| | ) | |
| EXPRESS SCRIPTS, INC., | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion of plaintiff Wanda W. Sams for leave to commence this civil action without prepayment of the filing fee. (Docket No. 2). Upon review of the motion and the financial information submitted in support, the Court finds that it should be granted. Additionally, for the reasons discussed below, the Court will direct the Clerk of Court to issue process on defendant Express Scripts, Inc.

### The Complaint

Plaintiff has filed a pro se complaint under Title VII of the Civil Rights Act of 1964 (Title VII). She names Express Scripts, Inc. as defendant. Plaintiff alleges that she was terminated from her employment with defendant on the basis of her race and age. (Docket No. 1 at 4-5).

Plaintiff states that she is an African American individual who was born in 1962. (Docket No. 1 at 5). On April 23, 2012, she was hired at Express Scripts, Inc. as a Senior Project Manager in the Client Services Testing Department. She states that throughout her career, she delivered "excellent performance."

Plaintiff learned that her job as Senior Project Manager was being eliminated at the end of 2018. She states that she was encouraged by her director to apply for a Project Manager position in the Strategy and Transformation Department. Plaintiff successfully interviewed and was hired into the department in February of 2018.

In June of 2018, plaintiff was put on a 90-day Performance Improvement Plan. She states that this occurred without warning or previous discussion about her performance. This happened four months into her new position.

Plaintiff claims that she met the goals of the Performance Improvement Plan. She further claims she had not been told that she was not meeting the plan's goals. Nevertheless, on August 15, 2018, she was terminated. At the time of her termination, she still had 47 days remaining on her Performance Improvement Plan. Plaintiff asserts that she was the only African American and the oldest professional employee in the Department at the time. As such, she alleges that she was terminated due to her race and age.

Plaintiff filed a charge of discrimination with the United States Equal Employment Opportunity Commission (EEOC). In the charge, she alleged that Express Scripts, Inc. terminated her on the basis of race and age. (Docket No. 1-2 at 1). The EEOC mailed her a right to sue letter on February 5, 2019. She filed the instant action on March 22, 2019.

## Discussion

Plaintiff brings this action pursuant to Title VII, alleging employment discrimination on the basis of race and age. The purpose of Title VII is to ensure a workplace environment free of discrimination. *Ricci v. DeStefano*, 557 U.S. 557, 580 (2009). The act prohibits "employer discrimination on the basis of race, color, religion, sex, or national origin, in hiring, firing, salary structure, promotion and the like." *Winfrey v. City of Forrest City, Ark.*, 882 F.3d 757, 758 (8th

2

Cir. 2018). Before filing an action under Title VII in federal court, a plaintiff must first exhaust his or her administrative remedies. *Lindeman v. Saint Luke's Hosp. of Kansas City*, 899 F.3d 603, 608 (8th Cir. 2018). *See also Brooks v. Midwest Heart Grp.*, 655 F.3d 796, 800 (8th Cir. 2011) (stating that "Title VII establishes an administrative procedure which a complaining employee must follow before filing a lawsuit in federal court"). A Title VII claimant is required to demonstrate good faith participation in the administrative process in order to exhaust his or her administrative remedies. *Briley v. Carlin*, 172 F.3d 567, 571 (8th Cir. 1999). "To exhaust administrative remedies an individual must: (1) timely file a charge of discrimination with the EEOC setting forth the facts and nature of the charge and (2) receive notice of the right to sue." *Rush v. State of Arkansas DWS*, 876 F.3d 1123, 1125 (8th Cir. 2017).

Plaintiff has demonstrated that she has filed a charge of discrimination with the EEOC. (Docket No. 1-2). The charge sets forth the facts and nature of the alleged discrimination. Specifically, she alleges that she was terminated from her job on the basis of age and race, despite meeting performance expectations. As such, she has exhausted her administrative remedies for her Title VII claim. The EEOC mailed plaintiff a right to sue letter on February 5, 2019, giving plaintiff ninety days in which to file a lawsuit. (Docket No. 1-1). Plaintiff filed her complaint on March 22, 2019, within the ninety-day period provided by 42 U.S.C. § 2000e-5(f)(1). Thus, her complaint appears to be timely filed. Accordingly, the Clerk of Court will be directed to issue process upon defendant Express Scripts, Inc.

**Motion to Appoint Counsel**

Plaintiff has filed a motion to appoint counsel. (Docket No. 3). The motion will be denied at this time. In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). *See also Stevens v.*

*Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case"). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim…and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. Plaintiff has demonstrated, at this point, that she can adequately present her claims to the Court. Additionally, neither the factual nor the legal issues in this case appear to be complex. The Court will entertain future motions for appointment of counsel as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel (Docket No. 3) is **DENIED at this time**.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to issue process or cause process to issue on plaintiff's Title VII claim by serving defendant Express Scripts, Inc. on its designated agent, CSC-Lawyers Incorporating Service Company, 221 Bolivar Street, Jefferson City, MO 65101.

Dated this 26th day of June, 2019.

/s/ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE