UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| WANDA W. SAMS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:19-CV-631 JCH |
| | ) | |
| EXPRESS SCRIPTS, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM & ORDER**

This matter is before the Court on Plaintiff's Motion to Compel (ECF No. 25) filed March 12, 2020. The matter is fully briefed and ready for disposition.

**DISCUSSION**

Plaintiff seeks her Motion pursuant to Federal Rule of Civil Procedure 37 to compel Defendant to answer Plaintiff's Interrogatories. Federal Rule of Civil Procedure 37 allows a party to move for an order compelling disclosure or discovery. Fed R. Civ. P. 37(a)(1). Plaintiff states that on December 17, 2019, Plaintiff submitted her First Interrogatories and First Request of Documents to Defendant. (ECF No. 25, at 1). Defendant provided responses on February 17, 2020. *Id*. Plaintiff asserts that Defendant's responses consisted of objections to every interrogatory and request for production beginning with general objections. *Id.* Plaintiff states that she attempted to resolve the matter without resort to Motion, by a letter dated February 25, 2020. *Id*, at 2.  Plaintiff argues that the boilerplate objections raised by Defendant are not permissible. (ECF No. 26). Defendant asserts that Plaintiff's motion should fail because she has not identified what specific information or documents are sought. (ECF No. 29).  Additionally, Defendant argues that Plaintiff has failed to properly confer prior to filing this motion with the court. *Id.*

1

Defendant asserts that the Plaintiff has failed to confer with the Defendant prior to the filing of the instant Motion to Compel and therefore the motion should be denied. (ECF No. 29). Plaintiff sent a letter to Defendant on February 25, 2020. (ECF No. 25). Defendant argues that the letter does not constitute good faith. (ECF No. 29). Local Rule 37-3.04 states that "[t]he Court will not consider any motion relation to discovery and disclosure unless it contains a statement that movant's counsel has conferred in person or by telephone with the opposing counsel in good faith or has made reasonable efforts to do so, but that after sincere efforts to resolve their dispute, counsel are unable to reach an accord." In this case, Plaintiff has failed to confer with Defendant regarding discovery disputes in this case.

Plaintiff has additionally failed to identify the specific interrogatory or discovery requests that are incomplete. Plaintiff merely points to general objections to all of her discovery requests as the basis for her motion. Plaintiff states that Defendant has failed to provide adequate responses, yet the Plaintiff has failed to provide the Court with specifics as to what information has been sought and on what basis Defendant has raised its objections. Defendant asserts that it has provided approximately 1000 pages of discovery to the Plaintiff. (ECF No. 29, at 2). Absent an attempt between the parties to meet and confer and a motion by the Plaintiff that identifies the specific information sought, the Court will deny the Motion to Dismiss.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Compel (ECF No. 25) is **DENIED**. Dated this 11th day of May, 2020.

/s/ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE